IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF NORTH CAROLINA


RONALD SATISH EMRIT,            )
                                )
            Plaintiff,          )
                                )
       v.                       )       1:14CV1014
                                )
REVERBNATION, INC.,             )
                                )
            Defendant.          )


        **MEMORANDUM OPINION, ORDER, AND RECOMMENDATION**
              **OF UNITED STATES MAGISTRATE JUDGE**

    This case comes before the Court on Plaintiff's Application to

Proceed In Forma Pauperis (Docket Entry 1) in conjunction with his

Pro Se Complaint (Docket Entry 2).[1]  The Court will grant

Plaintiff's Application to Proceed In Forma Pauperis for the

---

[1] The undersigned notes that Plaintiff filed his Application
to Proceed In Forma Pauperis on an outdated form not prescribed for
use in this district. Compare Docket Entry 1 with United States
District Court for the Middle District of North Carolina, IFP
Application - Application to Proceed in Forma Pauperis &
Affidavit/Declaration in Support, http://www.ncmd.uscourts.gov
/forms/ifp-application-application-proceed-forma-pauperis-
affidavitdeclaration-support. Plaintiff's Application to Proceed
In Forma Pauperis does not contain any explanation of his expenses,
thereby preventing the undersigned from accurately assessing his
financial status. Perhaps Plaintiff utilized the outdated form to
avoid such questions and to avoid a possible denial of in forma
pauperis status - as he has suffered before, numerous times, see,
e.g., Emrit v. Yahoo! Inc., No. 4:13-cv-06951, 2014 WL 3841015
(N.D. Cal. Aug. 4, 2014) (unpublished) (dismissing Plaintiff's case
with prejudice for intentionally misrepresenting his financial
condition on his Application to Proceed In Forma Pauperis); Emrit
v. Bank of Am., Inc., No. 3:13cv547-RJC-DSC (W.D.N.C. Oct. 10,
2013) (unpublished) (denying Plaintiff's Application to Proceed In
Forma Pauperis), aff'd, 556 Fed. Appx. 265 (4th Cir. 2014). Given
the recommendation of dismissal, the Court need not address this
issue further, but Plaintiff should understand that the Court may
scrutinize his financial status in the future, if necessary.

limited purpose of recommending dismissal for frivolousness and failure to state a claim.

## **LEGAL BACKGROUND**

"The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts solely because his poverty makes it impossible for him to pay or secure the costs." Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (internal quotation marks omitted). "Dispensing with filing fees, however, [is] not without its problems. . . . In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. FMC Butner, 376 F.3d 252, 255 (4th Cir. 2004). To address this concern, the in forma pauperis statute provides that "the court shall dismiss the case at any time if the court determines . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

As to the first of these grounds, the United States Supreme Court has explained that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v.

2

Williams, 490 U.S. 319, 325 (1989). In assessing such matters, this Court may "apply common sense." Nasim, 64 F.3d at 954; see also Nagy, 376 F.3d at 256 ("The word frivolous is inherently elastic and not susceptible to categorical definition." (internal quotation marks omitted)).

As to the second ground, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915(e)(2)(B)(ii), when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id.[2]

---

[2] Although the Supreme Court has reiterated that "[a] document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008)

**FACTUAL BACKGROUND**

Plaintiff's Complaint stems from his dealings with Defendant in the placement of banner ads on the internet advertising Plaintiff's song and music video, "Lady Brazil." (Docket Entry 2.) Plaintiff alleges that he paid Defendant to place banner ads, featuring a picture of him with Mariah Carey, on various webpages. (Id. at 5-6.) Plaintiff states that, if individuals clicked on the ad, it would then direct them to a webpage, hosted by Defendant, showing Plaintiff's music video for "Lady Brazil." (Id.) Plaintiff avers that the banner ads automatically renewed each week, unbeknownst to him, and Defendant charged him at a rate between $20 to $40 weekly. (Id.)

**ANALYSIS**

Plaintiff alleges nine state-law claims in his Complaint. (Docket Entry 2 at 7-17.) Plaintiff premises jurisdiction on diversity of citizenship. (Id. at 3-5.) However, Plaintiff frivolously invokes this Court's subject matter jurisdiction and fails to establish that this Court possesses subject matter jurisdiction over this case. Alternatively, Plaintiff fails to state a claim for any of his state-law claims. Therefore, the Court should dismiss Plaintiff's case.

---

(internal quotation marks omitted) (dismissing pro se complaint).

A. Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). The burden of establishing jurisdiction rests on the party asserting it. Id. Federal courts have jurisdiction to hear civil actions where complete diversity exists between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.[3] "In most cases, the 'sum claimed by the plaintiff controls' the amount in controversy determination." JTH Tax, Inc. v. Frashier, 624 F.3d 635, 638 (4th Cir. 2010) (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 (1938)). When computing the amount in controversy, the Court may also include punitive damages. See Gordon v. National Bus. Consultants, Inc., No. 87-2676, 856 F.2d 186 (table), 1988 WL 86618, at *1 (4th Cir. 1998) (unpublished); Perez v. Choice Endeavors, Inc., No. 1:05CV526, 2006 WL 995128, at *2 (M.D.N.C. April 12, 2006) (unpublished). However, if the plaintiff cannot, to a legal certainty, recover the jurisdictional amount, then the Court lacks jurisdiction. St. Paul Mercury, 303 U.S. at 289.

In this case, Plaintiff alleges that he lost somewhere between $100 to $200 dollars in his dealings with Defendant.[4] Despite the

---

[3] The Complaint adequately alleges complete diversity between the parties. (See Docket Entry 2 at 2-5.)

[4] In his Complaint, Plaintiff states that he paid between $20 to $40 a week for five weeks to Defendant for the banner ads.

5

low amount of compensatory damages, Plaintiff requests $250,000 in punitive damages in order to meet the amount in controversy. (Docket Entry 2 at 17.) North Carolina General Statute § 1D-15 prohibits courts from awarding punitive damages for breach of contract, but courts may award punitive damages when the actions in a breach of contract also give rise to a tort, see Newton v. Standard Fire Ins. Co., 291 N.C. 105, 111, 229 S.E.2d 297, 301 (1976).

Plaintiff, though, does not present a viable claim for any of his alleged torts - as discussed in the next section. Thus, Plaintiff does not have a basis with which to claim punitive damages, and the Court can only look to Plaintiff's compensatory damages to determine the amount in controversy. Furthermore, even if Plaintiff could recover punitive damages on a tort, he could not, consistent with the Due Process Clause of the Fourteenth Amendment, recover the amount in controversy. As explained to Plaintiff in a previous case, see Emrit v. American Commc'ns Network, Inc., No. 1:13-cv-0076, 2014 WL 5389910, at *2 (M.D.N.C. April 2, 2014) (unpublished), aff'd, 583 Fed. Appx. 46 (4th Cir. 2014), the United States Constitution imposes limits on punitive damage awards, State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408, 416 (2003). In State Farm, the United States Supreme Court

---

(Docket Entry 2 at 5-6.) Multiplying the number of weeks by the amount of money yields the foregoing range of numbers.

invalidated a punitive damages award of 145 times the amount of compensatory damages.  Id.  The Court also warned that damages "exceeding a single-digit ratio between punitive and compensatory damages" would rarely satisfy due process.  Id. at 425.

In this case, Plaintiff seeks punitive damages totaling 1250 times more than his claimed compensatory damages.[5]  Indeed, even if Plaintiff only claimed punitive damages of $75,000, the resulting ratio of 375 to one would still run afoul of the Due Process Clause.  It therefore appears, to a legal certainty, that Plaintiff cannot satisfy the amount in controversy threshold, and thus, the Court lacks subject matter jurisdiction over the case.  Because the Plaintiff's claim of subject matter jurisdiction "lacks an arguable basis [] in law," Neitzke, 490 U.S. at 325, the Court should dismiss this case as frivolous, see Overstreet v. Colvin, No. 4:13CV261-FL, 2014 WL 353684, at *3 (E.D.N.C. Jan. 30, 2014) (unpublished) (Flanagan, J., adopting recommendation of Gates, M.J.) (holding that courts may consider subject matter jurisdiction as part of frivolity review).[6]

---

[5] This ratio uses the higher end of the possible compensatory damages Plaintiff claims.  See footnote four.

[6] In any event, the Court has an independent obligation to examine the existence of subject matter jurisdiction. Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006).

7

B. Failure to State a Claim

In addition to Plaintiff's frivolous invocation of subject matter jurisdiction, the Court could dismiss Plaintiff's claims for failure to state a claim. Although Plaintiff's claims suffer from a number of defects, the undersigned, for the sake of brevity, will focus on but a few. First, Plaintiff's negligence claim fails because North Carolina does not recognize a negligence claim predicated on a breach of contract. See North Carolina State Ports Auth. v. Lloyd A. Fry Roofing Co., 294 N.C. 73, 81, 240 S.E.2d 345, 350 (1978), rejected in part on other grounds, Trustees of Rowan Technical Coll. v. J. Hyatt Hammond Assocs., Inc., 313 N.C. 230, 242, 328 S.E.2d 274, 281 (1985). Second, Plaintiff's conversion claim fails because the Complaint does not include facts showing that Defendant lacked the right to charge Plaintiff for the banner ads, as required by North Carolina law, see Variety Wholesalers, Inc. v. Salem Logistics Traffic Servs., LLC, 365 N.C. 520, 523, 723 S.E.2d 744, 747 (requiring an "unauthorized" or "wrongful" taking to establish conversion). (See Docket Entry 2 at 5-6.)

Third, Plaintiff's claim for intentional infliction of emotional distress cannot proceed because Defendant's failure to secure a "'360 deal' or 'commercial recording contract for [] [P]laintiff from a major record label through the implementation of a successful 'banner ad' campaign all over the internet on commercial websites" (Docket Entry 2 at 10) does not amount to

8

extreme and outrageous conduct. See Guthrie v. Conroy, 152 N.C. App. 15, 21, 567 S.E.2d 403, 408 (2002) (holding that intentional infliction of emotional distress requires conduct that "exceeds all bounds usually tolerated by decent society," and that the court determines whether conduct met that standard (internal quotation marks removed)). Fourth, Plaintiff's civil fraud/deceit/material misrepresentation claim fails because the Complaint does not allege that Defendant made any material misrepresentation about securing a "360 deal" or "commercial recording contract" for Plaintiff in connection with the contract, again, as North Carolina law requires, see Ragsdale v. Kennedy, 286 N.C. 130, 138, 209 S.E.2d 494, 500 (1974) (establishing elements of fraud and requiring false representation of "material fact"). (See Docket Entry 2.)

Fifth, Plaintiff's claim for tortious interference with business relations/contracts claim fails because the Complaint does not satisfy North Carolina law's requirement that Plaintiff had an existing contractual relationship with a major record label and that Defendant intentionally interfered with it, see United Labs., Inc. v. Kuykendall, 322 N.C. 643, 661, 370 S.E.2d 375, 387 (1988). (See Docket Entry 2.) Sixth, Plaintiff's claim of strict liability/design defect fails because North Carolina does not recognize a claim for strict product liability, DeWitt v. Eveready Battery Co., 355 N.C. 672, 688, 565 S.E.2d 140, 150 (2002), and

because the Complaint alleges Defendants provided a defective service and not a defective product (Docket Entry 2 at 13).

Seventh, and finally, Plaintiff's various breach of contract claims all fail because the Complaint does not allege that securing a "360 deal" or "commercial recording contract" constituted a term of the contract - or that any contract existed. (See id.) For these reasons, the Court should dismiss Plaintiff's case for failure to state a claim.

C. Frivolous and Vexatious Filer

A review of filings located in PACER demonstrate that Plaintiff has a habit of frivolous and vexatious filing. According to records accumulated by PACER, Plaintiff has filed over sixty lawsuits since March of 2013.[7] Plaintiff's cases tend to proceed in a similar manner: Plaintiff files a complaint, requests in forma pauperis status, files various irrelevant motions, and then the court dismisses his case. Plaintiff's litigation history clearly demonstrates his vexatious behavior and its frivolousness. In fact, other courts have warned Plaintiff regarding his frivolous

---

[7] By the undersigned's count, in the district court cases listed on PACER (sixty-eight), Plaintiff applied for in forma pauperis status or to proceed without prepayment of fees approximately sixty-five times (including this case). In the cases listed as closed, district courts dismissed Plaintiff's claims for failure to state a claim or frivolousness at least seventeen times. The majority of the remaining dismissals concerned transfers to other district courts, failure to pay the filing fee, lack of subject matter jurisdiction, and other procedural issues. In other words, it appears Plaintiff has yet to have any success with his litigation.

10

and vexatious filing and have considered sanctioning him for such behavior. See Emrit v. American Commc'ns Network, Inc., 583 Fed. Appx. 46 (4th Cir. 2014); Emrit v. Music Gorilla, Inc., No. A-14-CV-927-LY, 2014 WL 5524162, at *4 (W.D. Tex. Oct. 31, 2014) (unpublished); Emrit v. South by Sw. Conference (SXSW), No. 1:14-CV-936-LY, 2014 WL 5524219, at *4 (W.D. Tex. Oct. 31, 2014) (unpublished), adopted by, slip op. (Docket Entry 14) (W.D. Tex. Nov. 25, 2014).

Courts have the inherent authority to impose sanctions on litigants. See Chambers v. NASCO, Inc., 501 U.S. 32, 46-47 (1991); see also Armstrong v. Koury Corp., 16 F. Supp. 2d 616, 620 (M.D.N.C. 1998) ("Courts have the authority to protect defendants from the harassment of frivolous and vexatious lawsuits, and to protect themselves from having to process frivolous and repetitive papers."). Further, courts have substantial discretion in fashioning an appropriate sanction for litigants, including a prefiling injunction. Armstrong, 16 F. Supp. 2d. at 620. Given the seriousness of a prefiling injunction, that remedy "must be used sparingly . . . ." Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 817 (4th Cir. 2004). In these circumstances, the undersigned will not recommend the issuance of a prefiling injunction, but will warn Plaintiff that further frivolous litigation may result in the issuance of an injunction.

11

## CONCLUSION

Plaintiff frivolously attempts to invoke this Court's subject matter jurisdiction. Moreover, Plaintiff's Complaint fails to state a claim. Therefore, the Court should dismiss this action.

**IT IS THEREFORE ORDERED** that Plaintiff's Application to Proceed In Forma Pauperis (Docket Entry 1) is **GRANTED FOR THE LIMITED PURPOSE OF ALLOWING THE COURT TO CONSIDER A RECOMMENDATION OF DISMISSAL.**

**IT IS RECOMMENDED** that Plaintiff's Complaint (Docket Entry 2) be dismissed under 28 U.S.C. § 1915(e)(2)(B) for frivolousness and failure to state a claim.

                                                /s/ L. Patrick Auld
                                                  **L. Patrick Auld**
                                      **United States Magistrate Judge**

December 16, 2014